1
2
3
4
5              IN THE UNITED STATES DISTRICT COURT
6          FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   LARRY HISTON,                    )    No. C 09-0979 JSW (PR)
                                     )
9                Plaintiff,          )
                                     )    **ORDER OF DISMISSAL WITH**
10      v.                           )    **LEAVE TO AMEND**
                                     )
11  JAMES TILTON, et al,             )
                                     )    (Docket Nos. 2, 3, 4)
12               Defendants.         )
                                     )
13  _____ )
14
15          Plaintiff, currently incarcerated at San Quentin State Prison in San Quentin,
16  California, has filed a civil rights complaint complaining about deliberate indifference to
17  his medical needs at the prison.  Plaintiff has filed a motion to proceed *in forma pauperis*
18  (docket no. 2), which is GRANTED in a separate order filed simultaneously.  In this
19  order, the Court reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and
20  dismisses the amended complaint with leave to amend within thirty days.  Therefore,
21  Plaintiff's motions seeking appointment of counsel and referral to the Pro Se Prisoner
22  Early Settlement Program are DENIED as premature (docket nos. 3, 4).
23                              **DISCUSSION**
24          Plaintiff has filed a complaint with insufficient specific facts for the Court to
25  conduct an initial review under 28 U.S.C. § 1915A.  Rather than complete the Court's
26  complaint form, Plaintiff specifies in the "statement of claim" section, "see attached
27  sheets in full."  Complaint at 3.  However, in Plaintiff's attached complaint and
28  supporting documents, he has failed to clearly identify which acts of each Defendant

violated his rights and to set forth a concise statement regarding the substance of each claim and the actions of each Defendant that give rise to the complaint. The Court is unable to determine from reviewing the attached documents exactly what actions of each named Defendant Plaintiff contends gives rise to their liability for civil rights violations. Therefore, the complaint is dismissed with leave to amend as set forth below.

I      Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two  elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II     Legal Claims

Plaintiff's complaint apparently challenges the actions of multiple prison officials with regard to the diagnosis and treatment of carpal tunnel syndrome between 2002 and 2008. However, in his complaint, Plaintiff does not make clear what actions of which Defendants violated his constitutional rights.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Deliberate indifference to serious medical needs violates the Eighth Amendment's

proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *See McGuckin*, 974 F.2d at 1059.

A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints.  *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Plaintiff's complaint fails to provide a short and plain and separate statement regarding each claim: the specifics regarding the mistreatment he suffered, how it violated his constitutional rights, whether he suffered any injury as a result, and the specific conduct of each individual Defendant that he asserts is responsible for a constitutional violation.  Plaintiff must specifically identify what each named Defendant did or did not do in order to state a claim against them.  As such, Plaintiff will be granted leave to amend to allege specifics.

In his amended complaint, Plaintiff must establish legal liability of each person for the claimed violation of his rights.  Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he

does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634.

With regard to the supervisory employees named, Plaintiff should be mindful that a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff might be able to state a claim upon which relief may be granted if he can in good faith allege facts which clearly and briefly identify the injury he suffered, or continues to suffer, personally as a result of the alleged actions of individual Defendants; identify specifically and link to his allegations to the responsible parties. Without this basic information, the complaint cannot proceed. The complaint need not be long. In fact, a brief and clear statement with regard to each claim listing each Defendant's actions regarding that claim is preferable. The amended complaint should comply with Rule 8 and provides a more coherent and a less verbose and argumentative recitation of the claims regarding each alleged constitutional violation. Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint.

4

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above.  Plaintiff shall file an amended complaint within ***thirty (30) days from the date of this order*** in which he asserts factual allegations against all Defendants named therein.  The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page.  Failure to amend within the designated time will result in dismissal of the complaint.

2.  Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).

3.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  June 22, 2009

_____
JEFFREY S. WHITE
United States District Judge

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LARRY HISTON,

        Plaintiff,

  v.

JAMES TILTON et al,

        Defendant.

_____/

Case Number: CV09-00979 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 22, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Larry Histon
J79124
San Quentin State Prison
San Quentin, CA 94974

Dated: June 22, 2009

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk