IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY HISTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES TILTON, et al,<br><br>　　　　Defendants. | No. C 09-0979 JSW (PR)<br><br>**ORDER OF SERVICE** |

## INTRODUCTION

Plaintiff, currently incarcerated at San Quentin State Prison in San Quentin, California, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and Plaintiff filed a timely amended complaint against employees of San Quentin and the California Department of Corrections. For the reasons discussed below, the claims in the amended complaint against the supervisor defendants will be dismissed, and the claims against the remaining defendants will be served.

## DISCUSSION

I.　Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II     <u>Legal Claims</u>

The allegations in Plaintiff's amended complaint, when liberally construed, state cognizable claims against defendants Dr. G.A. Wilson, Dr. Donald A. Calvo, Dr. Mohan Sunderesan, Dr. Jerom A. Dasko, Physician Assistant Michael Scott, and Dr. Clarene David for deliberate indifference to his serious medical needs.

Plaintiff also names five supervisor defendants: three Secretaries of the CDCR (defendants Matthew Cates, James Tilton and Roderick Hickman), and two Directors of the CDCR (defendants Jeanne Woodford and Edward Alameida). In the order dismissing the original complaint Plaintiff was informed that a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege that the supervisor defendants participated in or directed the allegedly inadequate medical care, or that they knew of it and failed to prevent it. Rather, Plaintiff simply alleges that each of the

2

supervisor knew or should have known that the policies and practices of the CDCR, including of hiring unlicensed physicians, would subject Plaintiff to insufficient medical care. Plaintiff does no allege that it was the lack of licensing of certain Defendants, as opposed to specific errors that they made that were also made by their licensed colleagues. Plaintiff does not identify any other "policies and practices" implemented by the supervisors that might have led to the allegedly inadequate medical care. Consequently, Plaintiff has failed to state a cognizable claim against the supervisor defendants, even when his allegations are liberally construed.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The claims against Defendants Tilton, Cates, Woodford, Alameida and Hickman are DISMISSED.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint and all attachments thereto, and a copy of this order upon: **Defendants Dr. G.A. Wilson, Dr. Donald A. Calvo, Dr. Mohan Sunderesan, Dr. Jerom A. Dasko, Physician Assistant Michael Scott, and Dr. Clarene David** at **San Quentin State Prison**.

The Clerk shall also mail a courtesy copy of the second amended complaint and this order to the California Attorney General.

The Clerk shall also serve a copy of this order on Plaintiff.

3. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **ninety (90) days** from the date this order is filed, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on the Plaintiff.

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion is filed.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)."  *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003)

c. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

5. Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

6. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the

document to Defendant or Defendant's counsel.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: February 9, 2011

*/s/ Jeffrey S. White*

JEFFREY S. WHITE
United States District Judge

5

1 **NOTICE -- WARNING (SUMMARY JUDGMENT)**

    If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

    Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING  (EXHAUSTION)**

    If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

    You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

    If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

|  |  |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE |
| | NORTHERN DISTRICT OF CALIFORNIA |

LARRY HISTON,

        Plaintiff,

  v.

JAMES TILTON et al,

        Defendant.
_____/

Case Number: CV09-00979 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 9, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Larry Histon
J79124
San Quentin State Prison
San Quentin, CA 94974

Dated: February 9, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk