IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY HISTON,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES TILTON, et al,<br><br>    Defendants. | No. C 09-0979 JSW (PR)<br><br>**ORDER GRANTING MOTIONS TO QUASH; DIRECTING DEFENDANT TO PROVIDE PLAINTIFF WITH MEDICAL RECORDS; EXTENDING TIME**<br><br>(Docket Nos. 35 & 36) |

Plaintiff, currently incarcerated at San Quentin State Prison in San Quentin, California, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The allegations in Plaintiff's amended complaint that certain Defendant Dr. Clarene David and others were deliberately indifferent to his serious medical needs were found to state cognizable claims for relief. Dr. David has filed a motion for summary judgment, and Plaintiff was granted an extension of time to November 8, 2011, in which to file an opposition.

Dr. David and non-party San Quentin State Prison have each filed a motion to quash a subpoena for documents. As the subpoena fails to comply with the technical requirements of Rule 45, including setting forth the proper text and allowing sufficient time to respond, the motions to quash are GRANTED. However, Plaintiff's request for a copy of his prison medical records is reasonable. Defendant has not shown that this would be unduly burdensome, and Plaintiff's medical records are certainly relevant to his claims that he received insufficient medical care. Accordingly, Defendant **shall** provide Plaintiff with a copy of either his entire medical record, or alternatively only

those medical records pertaining to the medical conditions and medical care alleged in the amended complaint, within **10 days** of the date this order is filed.  If Defendant chooses the latter course and provides less than all of Plaintiff's medical records, Defendant shall show cause for doing so, also within **10 days** of the date this order is filed.  In order to show cause, Defendant shall show specifically why each record not provided is not relevant to Plaintiff's claims; general or conclusory statements that records are not relevant will not suffice.  No extensions of these deadlines will be granted or considered.  Defendant's failure to comply with this order will result in sanctions, which may include the denial of Defendant's motion for summary judgment.

   A brief extension of time for Plaintiff to file any opposition to the summary judgment motion is GRANTED to and including **November 18, 2011**.  No further extensions of time will be granted.  Defendant **shall** file a reply brief on or before **December 1, 2011.**

   IT IS SO ORDERED.

DATED:  November 2, 2011

JEFFREY S. WHITE
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LARRY HISTON,

        Plaintiff,

  v.

JAMES TILTON et al,

        Defendant.

Case Number: CV09-00979 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 2, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Larry Histon
J79124
San Quentin State Prison
San Quentin, CA 94974

Dated: November 2, 2011

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk